UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DARDEN,<br><br>        Plaintiff,<br><br>        v.<br><br>ANTHEM BLUE CROSS LIFE AND<br>HEALTH INSURANCE COMPANY<br>(LONG-TERM DISABILITY (LTD)<br>PLAN)/ELEVANCE HEALTH,<br><br>        Defendant. | Case No.  25-cv-00911-RFL<br><br>**ORDER ON CROSS-MOTIONS FOR JUDGMENT**<br><br>Re: Dkt. Nos. 59, 64 |

After Michael Darden's long-term disability claim was administratively closed, he sued the plan administrator, Anthem Blue Cross Life and Health Insurance Company, under the Employee Retirement Income Security Act of 1974 ("ERISA").  He raised one claim under 29 U.S.C. § 1132(a)(1)(B).  The parties have now cross-moved for judgment under Federal Rule of Civil Procedure 52.  For the reasons explained below, Darden's motion for judgment is **GRANTED**, Anthem's motion for judgment is **DENIED**, and Darden's claim is **REMANDED** to Anthem for further proceedings.

## I.    LEGAL STANDARD

Under Rule 52(a)(1), "[i]n an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately."  Fed. R. Civ. P. 52(a)(1).  In resolving ERISA claims on cross motions for judgment under Rule 52, "the Court conducts what is essentially a bench trial on the record, evaluating the persuasiveness of conflicting testimony and deciding which is more likely true."  *McCulloch v. Hartford Life & Accident Ins. Co.*, No. 19-CV-07716-SI, 2020 WL 7711257, at *7 (N.D. Cal. Dec. 29, 2020)

1

(citing *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1094–95 (9th Cir. 1999)).  Bench trials arising under ERISA are generally limited to the administrative record.  *See Opeta v. Nw. Airlines Pension Plan for Cont. Emps.*, 484 F.3d 1211, 1217 (9th Cir. 2007).

## II.    FINDINGS OF FACT[1]

Darden received long-term disability benefits from Anthem starting on August 2, 2021. (Dkt. No. 59 at 308.)[2]  On July 27, 2023, Anthem administratively closed his claim because the plan had a 24-month limitation for mental illnesses, and Anthem determined Darden was not physically disabled.  (*Id.* at 308–09.)  Darden was then approved for Social Security disability benefits.  (*Id.* at 345–47.)  Subsequently, Anthem upheld on administrative appeal its decision to administratively close Darden's long-term disability claim.  (*Id.* at 308–317.)

Darden filed this lawsuit on January 28, 2025.  (Dkt. No. 1.)  He raised a single claim under 29 U.S.C. § 1132(a)(1)(B).  (*Id.* ¶¶ 19–21.)  He asked for a declaration that Anthem violated the terms of the plan, he was entitled to monthly benefits until July 2033, and Anthem had "no entitlement to recoup any overpayment to Plaintiff that the Plan's Administrator's described failures have caused."  (*Id.* ¶ Prayer for Relief.)  In addition, he asked for an order requiring Anthem to pay him a monthly benefit with interest from July 2023 to the date of judgment.  (*Id.*)

On August 26, 2025, Anthem re-reviewed Darden's claim "[b]ased on the information currently available" and found he had been "unable to engage with reasonable continuity in any occupation in which [he] could reasonably be expected to perform satisfactorily in light of [his] age, education, training, experience, station in life, and physical capacity, since the claim closed July 21, 2023, due to an Illness not Limited by the Nuro, Inc. Group Insurance Policy."  (Dkt.

---

[1] To the extent that any findings of fact are included in the Conclusions of Law section, they shall be deemed findings of fact, and to the extent that any conclusions of law are included in the Findings of Fact section, they shall be deemed conclusions of law.

[2] Anthem has not filed an administrative record in this case.  As such, this Order primarily cites documents attached to Darden's motion for judgment.  All citations to page numbers in filings on the docket refer to ECF pagination.

No. 59 at 376.)  It therefore approved his claim retroactive to July 21, 2023.  (*Id.*)  Shortly thereafter, Anthem paid Darden retroactive benefits and told him that "continuing monthly benefits have been approved subject to on-going periodic medical updates." (*Id.* at 379–81.) Anthem simultaneously notified Darden that it offset the benefits he would otherwise be entitled to by $53,250, an estimate of the Social Security disability benefits he received since July 21, 2023.  (*Id.* at 381.)  On October 27, 2025, Anthem notified Darden that he was overpaid by $28,150.40, after considering his lower-than-estimated Social Security disability benefit amount but longer-than-estimated Social Security disability benefit duration.  (*Id.* at 439–40.)

### III.    CONCLUSIONS OF LAW

Darden's claim in this case is not moot.  Although Darden received a lump sum of retroactive long-term disability benefits and his claim has been approved going forward, he disputes that Anthem was entitled to offset his benefits by his Social Security disability benefits. (*See, e.g.*, *id.* at 22.)  There is accordingly a live controversy over whether after receiving some benefits, Darden is entitled to more or can be forced to give some money back.  In fact, Darden's complaint expressly asked for a declaration that Anthem could not "recoup any overpayment" caused by its errors.  (Dkt. No. 1 ¶ Prayer for Relief.)  The Ninth Circuit similarly concluded in an unpublished decision that a plaintiff's claim "was not made moot by [the administrator's] determination that she was due *some* benefits under the Plan, but they were subject to an offset." *See Jones v. Metro. Life Ins. Co.*, 456 F. App'x 647, 649 (9th Cir. 2011) (citing *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 630 (9th Cir. 2008)).

Darden's claim will be remanded to Anthem so it can resolve the dispute over offsets in the first instance.  *See Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan*, 46 F.3d 938, 944 (9th Cir. 1995) (permitting remand "for an initial factual determination").  The record contains minimal evidence about how those offsets were calculated, so it would be inappropriate to determine as a matter of law that the offsets are permissible and properly calculated.  Remand is what the Ninth Circuit ordered the district court to do in *Jones*.  456 F. App'x at 649.  Anthem also agreed in its briefing that remand would be appropriate if the case were not dismissed.  (Dkt.

No. 64 at 5–6.)  While at oral argument Anthem argued that remand would be administratively difficult, it was unable to point to any specific difficulty except for the potential of further litigation.

Darden also asks for various forms of equitable relief, but that relief cannot be ordered because his complaint did not raise a claim for equitable relief.  Darden specifically asks for restitution of the offset benefits, a related injunction, surcharge for financial harm, transfer of his claim to a different company affiliated with Anthem, and referral to the Department of Labor's Employee Benefits Security Administration.  (Dkt. No. 66 at 5–6.)  His frustration with Anthem is understandable.  However, Darden's complaint raised a single claim under 29 U.S.C. § 1132(a)(1)(B), which does not authorize a court to grant relief "akin to . . . an equitable remedy."  *See CIGNA Corp. v. Amara*, 563 U.S. 421, 436–38 (2011).  Darden did not raise a claim under 29 U.S.C. § 1132(a)(3), which would allow an order of "appropriate equitable relief."  Since a court's equitable power "lies only over the merits of the case or controversy before it," equitable relief cannot be ordered in this case.  *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

## IV.   CONCLUSION

For the foregoing reasons, Darden's motion for judgment is **GRANTED** and Anthem's motion for judgment is **DENIED**.  Darden's claim is **REMANDED** to Anthem for further proceedings concerning the validity and calculation of offsets based on his Social Security disability benefits.  Within 14 days, any party that believes it prevailed in this litigation may serve and file a bill of costs.  *See* Fed. R. Civ. P. 54(d)(1); Civ. L.R. 54.

**IT IS SO ORDERED.**

Dated: March 13, 2026

RITA F. LIN
United States District Judge

4