UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DARDEN,<br>Plaintiff,<br>v.<br>ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY (LONG-TERM DISABILITY (LTD) PLAN)/ELEVANCE HEALTH,<br>Defendant. | Case No. 25-cv-00911-RFL<br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**<br>Re: Dkt. No. 80 |

Michael Darden moves for a preliminary injunction fully restoring his long-term disability benefits after they were temporarily reduced to recover an overpayment. While the Court is sympathetic to Darden's situation in light of the sudden and drastic reduction in his benefits to cover the overpayment, the law requires that he demonstrate a serious question going to the merits in order for preliminary injunctive relief to issue. Because Darden has not carried that burden, his motion is **DENIED**.

Anthem provided Darden with detailed letters explaining how the overpayment was calculated and that his benefits would be withheld if he did not repay that amount. (Dkt. No. 80 at 29–30, 66–68, 80–81.)[1] While Darden asserts that "[s]ignificant questions remain regarding the completeness and transparency of the overpayment determination," and he has requested additional information about the calculation from Anthem, he identifies no specific error in Anthem's determination or what he believes the correct determination to be. (*See id.* at 4.)

[1] All citations to page numbers in filings on the docket refer to ECF pagination.

Though he notes that Anthem has made corrections to its original calculation, he does not provide any evidence of ongoing errors. Nor does he explain how Anthem's administration was confusing other than (a) by splitting responsibilities between two related entities, which was previously explained to him in correspondence that he attaches to his motion; and (b) granting a new appeals period, which provides him with an additional opportunity for review. (*See id.* at 61; Dkt. No. 81 at 4.) Finally, he does not identify any prohibition preventing Anthem from reducing his benefits during the pendency of his administrative appeal.

As a result, Darden has not, "*by a clear showing*, carrie[d] the burden of persuasion" for entitlement to injunctive relief. *See Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted). Additionally, since the operative complaint does not mention anything about miscalculating overpayments, there is not a "relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint" sufficient to grant injunctive relief. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015).

**IT IS SO ORDERED.**

Dated: July 15, 2026

RITA F. LIN
United States District Judge